VALENTÍN POLANCO DE JESÚS, Plaintiff and Appellant, *v.* ALFREDO CORTÉS ET AL., Defendants and Appellees.

No. 9221. Argued December 26, 1945.—Decided March 26, 1946.

*Luis Mercader* for appellant. *A. Rivera Colón* for appellees.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Lorenza Rosario brought an ordinary action to foreclose a mortgage on a house. During the pendency of that action the appellant Polanco purchased the house and recorded his title. Thereafter, the mortgagee obtained a judgment in her favor which was executed, and the interest held by the mortgagor in the house was sold at public auction and awarded to the mortgagee. The latter thereupon resorted to the procedure approved in *Arroyo* v. *Zavala,* 40 P.R.R. 257, and secured an order from the court cautioning Polanco to pay the mortgage or otherwise the record of his title to the house would be canceled.

Although Polanco was always willing to pay the mortgage, there were some differences between him and the mortgagee a to the amount of interest and costs which gave rise to appeals taken to this court,[1] and in consequence of the delay thus caused, Polanco did not deposit the amount of the mortgage with interest thereon until August 10, 1943, or almost one year after the cautionary order had been served upon him.

Meanwhile the mortgagee took possession of the house, on September 1, 1942, and did not surrender it to Polanco until April 7, 1944. During that period the house was leased and the mortgagee received a monthly rent of $30. After the house was turned over to Polanco, the latter brought an action to recover from the mortgagee the rent which she ought to have received while she was in possession of the house at the rate of $50 per month.

The lower court sustained the complaint in part, that is, it decided that the reasonable rent for the house was $30

[1] *Rosario* v. *Ruiz,* 62 P.R.R. 310, 63 P.R.R. 89.

monthly and not $50, as claimed by the plaintiff, and it held that the defendant was entitled to the rent received until August 10, 1943, the date on which the plaintiff paid the mortgage debt, and that she was bound to return only the rent received by her after that date. From that judgment the plaintiff appeals and he urges that the lower court erred (1) in not awarding to him all the rent which was received or might have been received by the defendant; (2) in not fixing the monthly rent at $50 instead of $30 which the defendant received; (3) in not allowing attorney's fees to the appellant.

■ The first assignment of error is well founded. At the time the mortgagee executed her mortgage and sold at public auction the interest held by the mortgagor in the house, Polanco, not the mortgagor, was already the owner of the house. From the record it does not appear that the mortgagee had recorded a *lis pendens* notice in the registry of property, nor that Polanco had knowledge of the pendency of the action of foreclosure when he acquired the house. Hence, the award to the mortgagee of the interest held by the mortgagor in the house did not affect in any way the rights acquired by Polanco.[2] Subsequently, the mortgagee instituted the proceeding seeking to compel Polanco to elect between paying the mortgage or relinquishing his title to the house. Polanco elected to pay the mortgage and he paid it together with interest thereon. From the foregoing facts it may be seen that the defendant, in relation to Polanco—who was not a party to, nor had any knowledge of, the suit when he acquired his title—never ceased to be a mortgage creditor to become owner of the house and that Polanco never ceased to be the owner thereof. It is true that Polanco waited one year to pay the mortgage debt but this delay was fully compensated by the payment of interest. It is evident, therefore, that the mortgagee was not entitled to receive the rent on the house either before or after Polanco paid the mortgage debt.

---

[2] See *Rosado v. Valentín, ante,* p. 536.

812

■ Assuming, without holding, that the defendant were bound to pay to the plaintiff not merely the monthly rent of $30 actually received by her but any larger rent which she might have received, the fact is that the lower court held that the $30-rent represented the reasonable rental value of the house, and the evidence supports that finding, for which reason the second error assigned is nonexistent.

The third error assigned by the appellant was not committed either. We can not say that the court abused its discretion in not adjudging the defendant to pay attorney's fees.

The judgment appealed from, if we understand it correctly, adjudged the defendant to pay the plaintiff the sum of $150, that is, the rent from August 10, 1943, at the rate of $30 monthly, less the sum of $90 already received by the plaintiff-appellant on account of the rent. It should be modified so as to adjudge the defendant to pay $480 (that is, $30 monthly for 19 months counting from September 1, 1942, less the $90 already received by the plaintiff), and as thus modified, the judgment should be affirmed.